UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **GINA MINYARD GREEN,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Civil Action Number ) **4:20-CV-00102-AKK** |
| **ANDREW SAUL, Commissioner of the SOCIAL SECURITY ADMINISTRATION,** | ) ) ) ) ) |
| **Defendant.** | |

## MEMORANDUM OPINION

Gina Minyard Green brings this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the final adverse decision of the Commissioner of the Social Security Administration. Doc. 1. The court finds that the Appeals Council committed legal error when it refused to consider the physical capacities form Green's rheumatologist provided after the ALJ's decision. For this reason solely, the court remands this case to the Commissioner for consideration of this form. Whether this new evidence is sufficient to change the Commissioner's determination that Green is not disabled is a matter for the Commissioner to decide.

**I.**

In May 2015, Green, a 57-year-old woman, applied for disability insurance benefits alleging a disability onset date of March 11, 2015. Doc. 3-14 at 2, 7. Her

1

alleged disabilities included fibromyalgia and osteoarthritis. Doc. 3-15 at 6. After the SSA denied her claim, doc. 3-13 at 15, Green timely requested a hearing before an Administrative Law Judge, docs. 3-13 at 20, 3-9 at 21. The ALJ subsequently issued an unfavorable opinion. Doc. 3-9 at 2-16. Green requested review, doc. 3-8 at 41, and presented the Appeals Council with new evidence, doc. 3-3 at 9. The Appeals Council refused to consider the new evidence and denied Green's request for review. Doc. 3-3 at 2-5. Green timely filed this petition for review, doc. 1,[1] alleging that the Appeals Council's refusal to consider the new evidence was erroneous, doc. 18 at 1.[2] This opinion will evaluate whether the Appeals Council impermissibly refused to consider the new evidence.

## II.

A claimant is largely permitted to present new evidence at every stage of the administrative process. *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015). The Appeals Council's refusal to consider new evidence is a legal

---

[1] Green raised several other challenges to the denial of her claim for benefits in her first Memorandum in Support of Disability. Doc. 5. But, after the court granted Green's request to supplement her memorandum, docs. 9, 14, Green abandoned some of her earlier contentions. Therefore, arguments not raised her amended memorandum are deemed waived. *Outlaw v. Barnhart*, 197 F. App'x 825, 828, n.3 (11th Cir. 2006); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)**.**

[2] Green also argued that the denial of benefits "is not supported by substantial evidence when the evidence submitted to the Appeals Council is considered." Doc. 18 at 1. The court need not reach this issue as it is remanding the case for the Commissioner to consider the physical capacities form.

decision subject to *de novo* review. *Washington*, 806 F.3d at 1320; *Ingram v. Commissioner of Soc. Sec. Admin.*, 496 F.3d 1253, 1260, 1262 (11th Cir. 2007). As such, the court should give "close scrutiny to [the decision.]" *Ingram*, 496 F.3d at 1260; *see also Washington*, 806 F.3d at 1321.

The Appeals Council must consider evidence a claimant presents if it is "new, material, and chronologically relevant[.]" *Washington*, 806 F.3d at 1320; 20 C.F.R. § 404.970(5). When the Appeals Council refuses to consider evidence that is "new, material, and chronologically relevant[,]" it commits legal error warranting remand. *Id.* To be clear, this inquiry is distinct from the court's review when the Appeals Council considers new evidence and, after consideration, denies review. *Popham v. Acting Comm'r of Soc. Sec.*, 681 F. App'x 754, 757-59 (11th Cir. 2017) (per curiam). In such instances, the reviewing court must determine "whether t[he] new evidence renders the denial of benefits erroneous." *Id.* However, where, as here, the Appeals Council refused to consider the new evidence, the court is tasked solely with ascertaining whether the Appeals Council should have considered the evidence.

### III.

The Appeals Council found that some of the records documenting medical care and opinions Green provided after the ALJ's decision did "not relate to the period at issue" and thus did "not affect the decision about whether" Green was disabled. Doc. 3-3 at 3. These records included Anniston Medical Clinic records from June 30, 2017

through April 17, 2019, Northeast Orthopedics Physical Therapy records from August 31, 2017 through April 22, 2019, and a physical capacities form from April 17, 2019. *Id.* The Appeals Council also found the Anniston Medical Clinic records from April 29, 2008 through November 29, 2016 did "not show a reasonable probability that [they] would change the outcome of the decision." Doc. 3-3 at 3. The court will address each piece of evidence in turn.[3]

## A.

Green argues the Appeals Council incorrectly refused to consider the post-decision treatment records from Anniston Medical Clinic and Northeast Orthopedic. Doc. 18 at 18. "For new evidence to be 'chronologically relevant,' it must 'relate to the period on or before the date of the administrative law judge hearing decision.'" *Hunter v. Soc. Sec. Admin.*, 705 Fed. Appx. 936, 940 (11th Cir. 2017) (quoting 20 C.F.R. § 404.970(c)). Post-hearing treatment records are not chronologically relevant if they solely discuss the claimant's condition after the date of the ALJ decision. *Sober v. Comm'r*, *Soc. Sec. Admin.*, No. 20-10493, 2020 WL 7392903, *3-4 (11th Cir. Dec. 17, 2020). And here, the Anniston Medical Clinic records from June 2017 to April 2019 and the Northeast Orthopedic records focus entirely on Green's condition after the ALJ's decision. Docs. 3-4 at 1-55, 3-5 at 1-8; 3-8 at 44-

---

[3] Green does not contest the Appeals Council's refusal to consider the Southern Immediate Care records in her briefing. Docs. 18 and 20. Therefore, the court will not review that decision.

78.[4] As such, they are not chronologically relevant, and the Appeals Council correctly refused to consider these records.

B.

Green challenges also the Appeals Council's refusal to consider the Anniston Medical Clinic records covering the period from April 29, 2008 to November 29, 2016, which the Appeals Council found did "not show a reasonable probability that [they] would change the outcome of the decision." Doc. 3-3 at 3. The newly submitted records at issue include: an account statement report covering May 27, 2009 to August 9, 2016, *see* doc. 3-5 at 8-19 and duplicated in 3-10 at 2-13, an account statement report covering September 28, 2016 to March 6, 2019, *see* docs. 3-5 at 20-32 and duplicated in 3-10 at 14-26, and treatment records from April 29, 2008 to July 26, 2012, *see* docs. 3-5 at 33-56, 3-6 at 2-26 and duplicated at 3-10 at 27-54, 3-11 at 2-22.

Contrary to Green's contentions, none of these records are material or chronologically relevant. First, the two account statement reports contain almost no substantive information regarding the severity of Green's condition and provide instead the dates she visited the clinic. Doc. 3-5 at 8-32. Given that the dates of treatment will certainly not change the outcome of the ALJ's decision, which the

---

[4] The Appeals Council presented the Northeast Orthopedic records "as covering the period August 31, 2017 to April 22, 2019 (43 pages)[.]" Doc. 3-3 at 3. The records provided to the court covered the period of August 31, 2017 to October 9, 2017 and only amounted to 35 pages. Doc. 3-8 at 44-78.

ALJ based on the underlying diagnoses, these reports showing the dates of treatment are not material. Second, major portions of these reports pre-date the disability onset date or document treatment Green received after the ALJ decision, rendering them chronologically irrelevant. Finally, the 2008 to 2012 treatment records do not relate to the relevant period at issue and, therefore, are also not chronologically relevant.[5] For all these reasons, this evidence is too remote to bolster Green's testimony relating to the relevant period, and Green has not provided a reason for evaluating any records prior to 2014. *Id.*

## C.

Green also contests the Appeals Council's refusal to consider the 2019 physical capacities form completed by her treating rheumatologist, Dr. Vishala Chindalore, docs. 18 at 18; 3-8 at 8, which she claims is new, material, and chronologically relevant. The Commissioner does not appear to dispute that the form provides new information about Green's limitations. Doc. 19 at 13-16. Therefore, this analysis will focus on chronological relevancy and materiality.

### 1.

A physician's opinion can be chronologically relevant even if the physician "examined [the claimant] . . . after the ALJ's decision[,]" *Washington*, 806 F.3d at

---

[5] In cases involving fibromyalgia, the Commissioner will typically only use "evidence for the 12-month period before the date of the application unless [they] have reason to believe that [they] need evidence from an earlier period[.]" Social Security Ruling, SSR 12-2p; Titles II and XVI: Evaluation of Fibromyalgia, 77 Fed. Reg. 43640-43644 (July 25, 2012).

1322, as long as the examination "relate[s] back to a time on or before the ALJ's decision." *Hunter*, 705 Fed. Appx. at 940. For an opinion to relate back to the relevant time period, the physician must base their conclusions on evidence from that time period such as the claimant's self-reporting, their medical records, or the physician's own treatment of the claimant during that time period. *Washington*, 806 F.3d at 1322; *Hargress*, 883 F.3d at 1309-10. An opinion will not relate back to the relevant time period when it does not discuss its conclusions "in relation to [the claimant's] earlier medical records and treatment," does "not appear to be based on that material[,]" or "relate[s] to the worsening of a condition after the date of the ALJ decision." *Ring v. Soc. Sec. Admin.*, 728 F. App'x 966, 968-696 (11th Cir. 2018). Here, Dr. Chindalore indicated on the form that the listed "limitations exist[ed] at least back to 3/11/15[,]" doc. 3-8 at 8, and the records show Dr. Chindalore treated Green during the relevant time period. *See* docs. 3-17 at 23-31, 87-90, 92-93; 3-18 at 3-11, 20-21, 42-79; 3-19 at 35-39. Accordingly, the form "appear[s] to be based" on that treatment, *Ring*, 728 F. App'x at 968-696, and is chronologically relevant.

### 2.

Evidence is material when "if accepted, 'there is a reasonable possibility' that '[it] would change the administrative result.'" *Washington*, 806 F.3d at 1321 (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)). Here, the form

provides additional information about Green's purported limited ability to sit up during an 8-hour period, her alleged need to miss work for more than 6 days each month, and her inability to remain on task for more than 70% of the work-day. Doc. 3-8 at 8. Because a reasonable possibility exists that these facts may cause the ALJ to find Green is unable to perform any work in the national economy, the form is material.

The court disagrees with the Commissioner's contention that the form "consists of mere conclusions without support." Doc. 19 at 15. The cases the Commissioner cites are inapposite. In those cases, either the forms were not supported by the record or the court was addressing a different legal question entirely.[6] To be sure, "[a] treating physician's report may be discounted when it is not accompanied by

---

[6] The records from Dr. Chindalore and Green's self-reports distinguish these facts from the cases where the records did not support the short, simple forms. In *Hargress,* the Circuit affirmed the Appeals Council's denial of consideration of a similar physical capacities form, in part, because it conflicted with the doctor's records and other doctors' records from the relevant time period. *See Hargress v. Soc. Sec. Admin.*, 883 F.3d 1302, 1310 (11th Cir. 2018). The facts here are also distinct from those in *Sober v. Comm'r, Soc. Sec. Admin.*, -- Fed. App'x. ---, 2020 WL 7392903, at *4 (11th Cir. Dec. 17, 2020), where the court found there was no reasonable possibility a similar form would affect the outcome because the form was contradicted by other evidence and the form's opinions had already been discounted by the ALJ.

In the remaining cases the Commissioner cited, the Appeals Council had *considered* the evidence and denied review, so the court was evaluating whether the new evidence made the denial of benefits erroneous. *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011); *Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 881 (11th Cir. 2014); *Popham v. Acting Comm'r of Soc. Sec.*, 681 F. App'x 754, 757-59 (11th Cir. 2017) (per curiam). This is a distinct analysis. In *Burgin* and *Harrison*, the court was reviewing whether the weight the factfinder actually gave the new evidence was appropriate. *Burgin*, 420 F. App'x at 903; *Harrison*, 569 F. App'x at 881. In *Popham*, the court did not even discuss whether the form was conclusory. *Popham*, 681 F. App'x at 757-59.

objective medical evidence or is wholly conclusory." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). Here, however, a reasonable possibility exists a factfinder may give the form some weight as it is supported by Dr. Chindalore's treatment notes and Green's own testimony. The physical capacities form is consistent with Dr. Chindalore's records from the relevant time-period which indicated Green was in constant pain—specifically in her knees, hips, shoulders, and extremities and that she had painful range of motion in all extremities and experienced fatigue.[7] Further, the form is consistent with Green's self-reporting, where she stated she stopped working, in part, because of pain in her knees, shoulders, arms, ankles, and hips. *See* doc. 3-9 at 38, 45-46. She also described pain and fatigue so debilitating it made her unable to take care of her hair, that "[s]ome days [she] d[id]n't get out of bed[,]" *id.* at 46-48, that basic tasks like making dinner took an excessive amount of time and left her unable to leave her bed the next day due to pain, *id.* at 48-50, and that she had constant pain to the point her husband had to help her with many daily tasks, *id.* at 51-52, 55, 61. Because the form is consistent with Dr. Chindalore's treatment records and Green's testimony, a reasonable possibility exists that the Commissioner may find these underlying records make the form credible.

## IV.

To close, the Commissioner erred when it refused to consider the physical

---

[7] *See* docs. 3-17 at 23-31, 87-90, 92-93; 3-18 at 3-11, 20-21, 42-79; 3-19 at 35-39.

capacities form as it was new, chronologically relevant, and material. In reaching this decision, the court is not opining that the physical capacities form renders the denial of benefits erroneous. That issue is a distinct question that is not under review here. On remand, the Commissioner must decide based on the entire record, including the physical capacities form, if review of the ALJ's decision is warranted, and, if so, whether the decision is correct. Accordingly, consistent with this opinion, this case is **REMANDED** to the Commissioner for consideration of the physical capacities form.

    **DONE** the 24th day of March, 2021.

                                                     **ABDUL K. KALLON**
                                        UNITED STATES DISTRICT JUDGE